UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61679-CIV-COHN/SNOW

CATHY PAFUMI, PARIS McKENZIE,
MARIA CAPORICCI, and DOUGLAS ZEMSKY,

    Plaintiffs,

vs.

Major General (Ret.) MICHAEL W.
DAVIDSON, ROBERT YAW, II, Major
General (Ret.) BRUCE M. LAWLOR,
SECURE SOLUTIONS HOLDING, INC.,
a Nevada Corporation, CENTURIA
CORPORATION, a Delaware Corporation,
and LAIDLAW & COMPANY (UK) LTD.,
a Foreign Limited Liability Company,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT LAIDLAW & COMPANY (UK) LTD.'s MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Laidlaw & Company (UK) Ltd.'s Motion to Dismiss the Second Amended Complaint [DE 157]. The Court has carefully considered the Motion, Response [DE 164], Reply [DE 169], and is otherwise fully advised in the premises.

### I.  BACKGROUND

On November 8, 2005, Plaintiffs filed this action against Defendants Major General (Ret.) Michael W. Davidson ("Davidson"), Major General (Ret.) Bruce M. Lawlor ("Lawlor"), Secure Solutions Holding, Inc. ("Secure Solutions"), Centuria Corporation ("Centuria") and Laidlaw & Company (UK) Ltd. ("Laidlaw") alleging that Defendants participated in a scheme to defraud Plaintiffs, reduce the share value of a

publicly traded company, Secure Solutions, and divert the assets of Secure Solutions for their own benefit.[1]  The facts of the case were detailed in this Court's Order Granting in Part Plaintiffs' Motion for Reconsideration and Motion for Leave to Amend [DE 141], and are adopted herein.[2]  The Complaint alleged the following nine counts: 1) Securities Fraud in violation of the Securities and Exchange Act of 1934 (15 U.S.C. § 78a, *et seq.*) and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5) against all Defendants (Count I); 2) violation of Section 20(a) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78t(a)) against the Individual Defendants (Count II); 3) Violation of Florida Securities and Investor Protection Act, Fla. Stat. § 517.301, against all Defendants (Count III); 4) Breach of Fiduciary Duty against the Individual Defendants (Count IV); 5) Common Law Fraud against all Defendants (Count V); 6) Civil Conspiracy against all Defendants (Count VI); 7) Violation of Section 12(a)(2) of the Securities Act of 1933 (15 U.S.C. § 77a, *et seq.*) against the Individual Defendants and Secure Solutions (Count VII); 8) Insider Trading in violation of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against the Individual Defendants (Count VIII); 9) Constructive Trust against Centuria (Count IX).

The Court initially granted Defendants' Motions to Dismiss and dismissed the

---

[1] Plaintiffs elected to omit Lawlor as a defendant from the Second Amended Complaint.

[2] The Court takes the facts of the Amended Complaint as true for purposes of deciding the instant Motion.  Plaintiffs amended the Complaint to include additional detail.  Nevertheless, the facts as recited by the Court in the Order on the Motion for Reconsideration were not affected by the amendments.

action as to Davidson, Lawlor, Centuria and Laidlaw.[3]  Upon reconsideration, the Court again dismissed Counts I, II, III, VII, and VIII with prejudice and Counts V and IX without prejudice as to Davidson, Lawlor, Centuria, and Laidlaw.  The Court also dismissed Counts IV and VI without prejudice as to Lawlor and Centuria for lack of personal jurisdiction.  Count IV as alleged against Davidson and Count VI as alleged against Davidson and Laidlaw remained pending as did all counts alleged against Yaw.  The Court continued to defer setting a trial as to damages owed by Secure Solutions.

Pursuant to the Court's Order, on February 26, 2007, Plaintiffs filed the Second Amended Complaint [DE 153] which alleges the following: 1) Securities Fraud in violation of the Securities and Exchange Act of 1934 (15 U.S.C. § 78a, *et seq.*) and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5) against Yaw and Secure Solutions (Count I); 2) violation of Section 20(a) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78t(a)) against Yaw (Count II); 3) Violation of Florida Securities and Investor Protection Act, Fla. Stat. § 517.301, against Yaw and Secure Solutions (Count III); 4) Breach of Fiduciary Duty against Davidson and Yaw (Count IV); 5) Common Law Fraud against all Defendants (Count V); 6) Civil Conspiracy against all Defendants (Count VI); 7) Violation of Section 12(a)(2) of the Securities Act of 1933 (15 U.S.C. § 77a, *et seq.*) against Yaw and Secure Solutions (Count VII); 8) Insider Trading in violation of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Yaw (Count VIII).

---

[3]  The claims against Yaw and Secure Solutions were not dismissed as Yaw filed an answer and the Court entered default judgment as to liability only against Secure Solutions.  The Court deferred ruling on damages to be adjudged against Secure Solutions.

Laidlaw now moves to dismiss Counts V and VI as alleged against Laidlaw for failure to state a claim upon which relief may be granted. Laidlaw contends that the Second Amended Complaint fails to specify Laidlaw's role in the alleged scheme including which false statements were made by Laidlaw in furtherance of the fraud and Laidlaw's part in the conspiracy. Plaintiffs allege that the Second Amended Complaint sufficiently contends that Laidlaw made or caused to be made each and every one of the misleading statements at issue in this case and actively participated in the conspiracy to defraud the Plaintiffs.

## II.  MOTION TO DISMISS STANDARD

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual

4

allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

When alleging fraud, a complaint must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires a plaintiff alleging fraud to plead with particularity.  Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).  In essence, "[a] plaintiff must allege fraud with sufficient particularity to permit the person charged with fraud . . . to have a reasonable opportunity to answer the complaint and adequate information to frame a response." Leisure Founders, Inc. v. CUC Int'l, Inc., 833 F. Supp. 1562, 1574 (S.D. Fla. 1993) (internal quotations omitted).

## III. ANALYSIS

### A.  Common Law Fraud

In Florida, to establish a claim for common law fraud, a plaintiff must show: "1) a false statement of fact; 2) known by the person making the statement to be false at the time it was made; 3) made for the purpose of inducing another to act in reliance thereon; 4) action by the other person in reliance on the correctness of the statement; and 5) resulting damage to the other person." Tuckish v. Pompano Motor Co., 337 F. Supp. 2d 1313, 1320-21 (S.D. Fla. 2004); Gandy v. Trans. World Computer Technology

5

Group, 787 So. 2d 116, 118 (Fla. 2d DCA 2001); see also Ward, 777 So. 2d at 1146; Hillcrest Pacific Corp. v. Yamamura, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999).

Rule 9(b) is particularly significant where a plaintiff claims that a defendant's fraudulent misrepresentation or omission induced the plaintiff not to act. Florida law is unclear as to whether a plaintiff can sustain such a claim. See Rogers v. Cisco Sys., Inc., 268 F. Supp. 2d 1305, 1312–13 (N.D. Fla. 2003).[4] To the extent such a claim exists, however, the plaintiff must specifically identify what she would have done had the misrepresentation or omission not occurred. Where a plaintiff claims she was fraudulently induced to hold shares of stock, the "'plaintiff must allege specific reliance on the defendants' representations: for example, that if the plaintiff had read a truthful account of the corporation's financial status, the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place.'" Id. (quoting Small v. Fritz Cos., 65 P.3d 1255, 1265 (Cal. 2003)). Additionally, "[i]n a securities fraud case, Rule 9(b) requires the identification of the particular defendants with whom the plaintiffs dealt directly, the occasions on which the misrepresentations were made, the specifics of the misrepresentations and how they are considered false, and the particular defendants who made the statements." Leisure Founders, Inc. v. CUC Int'l, Inc., 833 F. Sup. 1562, 1574 (S.D. Fla. 1993) (emphasis added) (evaluating claims for common-law and securities fraud for failure to plead with particularity).

---

[4] As the court noted in Rogers, securities holding claims are not permitted in actions pursuant to Florida and federal securities laws. See 268 F. Supp. 2d at 1311 n.13 (citing Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1343 (11th Cir. 2002); Ward v. Atl. Sec. Bank, 777 So. 2d 1144, 1147 (Fla. Dist. Ct. App. 2001)). The court in Rogers evaluated whether such claims may be available in common law fraudulent misrepresentation claims.

In this case, Plaintiffs have pled that false statements were made, the contents of those statements, and how they specifically relied on those statements. However, while the Second Amended Complaint routinely states that Laidlaw "made, or participated in making," false statements or representations in an effort to defraud Plaintiffs, it never attributes the making of any one specific statement to Laidlaw. (Second Amended Compl., ¶¶ 117 - 119; see also Second Amended Compl., ¶¶ 44, 51)  Rather, the Second Amended Complaint attributes the specific false statements to either Secure Solutions, the Individual Defendants (defined as Davidson and Yaw), and/or non-party Lawlor.  (Second Amended Compl., ¶¶ 43, 52, 64, 67-69, 71, 74.)  As such, the Second Amended Complaint fails to state a claim for common law fraud against Laidlaw since it never identifies a specific false statement or fact made by Laidlaw and relied upon by Plaintiffs.  Therefore, Laidlaw's Motion to Dismiss shall be granted as to Count V.  Plaintiffs shall be granted leave to file an amended complaint which must attribute any of the false statements directly to Laidlaw in order to survive a subsequent motion to dismiss.

### B.  Civil Conspiracy

To maintain an action for civil conspiracy, the plaintiff must establish: "(1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy."  Raimi v. Furlong, 702 So. 2d 1272, 1284 (Fla. 3d DCA 1997).  There must also be a basis for the conspiracy that is an "independent wrong or tort which would constitute a cause of action if the wrong were done by one person."  Id. (citations and internal quotations

omitted).

The Court previously determined that the civil conspiracy charge as pled remained pending against Laidlaw. Nevertheless, in light of the amendments made to the entirety of the Complaint and repeated and realleged in Count VI, Laidlaw now seeks to dismiss Count VI. Laidlaw cites to two cases decided by other courts in this district to support its contention that Plaintiffs have still failed to plead Count VI with particularity. In Leisure Founders, the court determined that the plaintiff failed to meet the heightened Rule 9(b) pleading standard when pleading a claim of civil conspiracy where the complaint alleged:

> Upon information and belief, at some later date, Sorrentino and Nash, and, perhaps, others, who are not named as defendants herein, but whom Plaintiff reserves the right to name as defendants after conducting discovery and satisfying Rule 11 investigation and diligence, joined the existing conspiracy to defraud, by knowingly entering into one or more agreements with Defendants and perhaps, others to defraud Plaintiffs.

Id. The court determined that the allegations did not provide Sorrentino and Nash with sufficient notice of the roles that they played in the conspiracy so that they could adequately defend against the charges. Similarly, in Sonnenreich v. Phillip Morris, Inc., the court dismissed a claim for civil conspiracy which alleged that the conspiracy stemmed in part from misrepresentations made in a "publication sent to over 200,000 physicians in the United States." 929 F. Supp. 416, 420 (S.D. Fla. 1996). The court noted that the complaint failed to allege the date(s) of the publications, the form of the publication, and its impact on the plaintiff's injuries. Id.

Laidlaw further contends that Count VI should be dismissed because the Complaint fails to state that Laidlaw agreed to be a party to the conspiracy and/or that

8

Laidlaw engaged in an overt act in furtherance of the conspiracy.

The Court adopts herein its prior determination regarding the sufficiency of the pleading of Count VI. In this case, unlike the complaint in Leisure Founders and Sonnenreich, the Second Amended Complaint details the alleged conspiracy including the dates and location of meetings where the conspiracy developed, the names of Laidlaw's employees who attended the meetings, and a detailed discussion of the substance of the conspiracy. Although the Complaint does not specifically address Laidlaw's role at the meetings, it does provide Laidlaw with sufficient information to frame an answer to the Complaint. Additionally, the Complaint details the exact statements made to the public by one or more of the co-conspirators upon which Plaintiffs relied. It is not necessary, as Laidlaw contends, that each defendant charged with conspiracy be accused of committing an overt act so long as an overt act, in this case the making of misrepresentations, was committed by at least one co-conspirator. Therefore, Laidlaw's Motion to Dismiss shall be denied as it relates to Count VI.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Laidlaw & Company (UK) Ltd.'s ("Laidlaw") Motion to Dismiss the Second Amended Complaint is **GRANTED IN PART**;

2. Count V as alleged against Defendant Laidlaw & Company (UK) Ltd. is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall have until the close of business on June 29, 2007 to amend the Second Amended Complaint as to this Count in accordance with this Order;

3. As to Count VI, Defendant Laidlaw & Company (UK) Ltd.'s Motion to Dismiss

is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of June, 2007.

Copies to:
All counsel of record

JAMES I. COHN
United States District Judge